UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTETICS CO., | ) |
| Plaintiff, | ) Case No. 11 C 6385 |
| v. | ) Judge Joan B. Gottschall |
| ADORAMA CAMERA, INC., and BESTWARE SERVICES LIMITED, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Intetics Co. ("Intetics") provided software-development services to Defendant Adorama, Inc., ("Adorama") for at least four years, beginning in 2006. After the termination of its relationship with Adorama, Intetics filed suit in this court, alleging that Adorama violated the non-solicitation clause of an agreement between the two companies by causing Intetics employees to provide Adorama with services under a contract with a third company, Bestware Services Limited ("Bestware").[1] Adorama now moves to dismiss or stay the Complaint. Adorama first claims that this court lacks personal jurisdiction over Adorama and that Illinois is an improper venue for this action. Adorama next argues that the Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Finally, Adorama asks this court to dismiss or stay this action based on abstention principles, because Adorama has filed a

---

[1] Intetics also sued Bestware for tortious interference with its agreement with Adorama. On November 30, 2011, a default judgment was entered against Bestware for failing to answer or otherwise defend against the Complaint. (Judgment, ECF No. 28.)

parallel declaratory-judgment action against Intetics in New York state court. For the reasons that follow, Adorama's motion to dismiss or stay the Complaint is denied.

**I. BACKGROUND**

Adorama is a company organized under the laws of New York that sells camera and photography equipment. Its place of business is in New York City, but it has a website accessible in Illinois, and it conducts sales via the internet. Its director is Herman Klein. Intetics is a software-development company incorporated in Illinois and based in Wilmette, Illinois.

Intetics alleges that, on or about June 10, 2006, it entered into a contract with Adorama governing software services to be provided by Intetics's offshore personnel (the "Agreement"). A copy of the Agreement is attached to the Complaint. The initials "H.K." appear on the bottom of each page, but no signature appears on the last page of the Agreement. According to Intetics, the Agreement was faxed from Adorama's offices to Intetics on July 18, 2006. Intetics's president, Boris Kontsevoi, claims in a sworn declaration attached to Intetics's Response Brief that Intetics either misplaced the signature page of the Agreement or never received it. (Kontsevoi Decl. 2, ECF No. 21-Ex. 2.)[2] Adorama admits that in early 2006, Intetics discussed providing software-development services to Adorama, that representatives from Intetics visited Adorama in New York, and that the parties "reached an oral understanding regarding the software development services to be provided by Intetics." (Def.'s Mem. Supp. Mot. to Dismiss 2, ECF No. 11.) Adorama denies, however, that a written contract was executed. In a sworn declaration attached to Adorama's Motion to Dismiss, Herman Klein denies

---

[2] As Kontsevoi's declaration is not attached to the Complaint, this court will not rely on it for purposes of deciding the motion to dismiss.

signing the Agreement or agreeing to be bound by its terms and denies that anyone from Adorama initialed its pages. (Klein Decl. Oct. 7, 2011 ¶¶ 8-11, ECF 10.)

The Agreement contains a "Non-Solicitation" provision that prohibits the parties from "enter[ing] into employment or other similar relations with any of the employees, contractors, agents, representatives or assigns of one Party without the prior written consent of the other Party" for a period of twelve months following the termination of the Agreement. (Agreement ¶ 7.8.1, ECF No. 1-Ex. A.) It further states that, "[s]hould the Client desire to hire any employee of the Company before the expiration of the [twelve-month period], a hiring fee of fifty thousand U.S. dollars ($50,000 USD) shall be paid by the Client to the Company." (Agreement ¶ 7.8.2.)

The Agreement also includes a "Governing Law and Construction" provision stating, "This Agreement will be governed by and construed in accordance with the laws of Illinois, without regard to the principles of conflicts of law." (Agreement ¶ 7.10.) The provision states that "any action arising out of or in connection with this Agreement shall be brought solely in courts of the State of Illinois or the United States District Court for Cook [C]ounty" and that each party "consents to the jurisdiction" of those courts. (Id.)

Intetics alleges that it provided software-development services to Adorama until approximately March 21, 2011, when Adorama terminated the Agreement.[3] The parties agree that Adorama subsequently contracted with Bestware to provide software development services, and that Adorama and Bestware executed an Offshore Dedicated Team Agreement ("Bestware Contract"). The Bestware Contract, attached to the

---

[3] Adorama claims it terminated its relationship with Intetics in July 2010. (Klein Decl. Oct. 7, 2011 ¶ 15.)

3

Complaint, lists the "initial team members" who were to perform services for Adorama. (Bestware Contract, ECF No. 1-Ex. D.)

On July 11, 2011, Intetics sent a letter to Adorama demanding payment of $400,000, or $50,000 for each of eight offshore employees providing services to Adorama under the Bestware Contract, and threatening to bring suit for breach of the Agreement. (Vist Letter, ECF No. 1-Ex. E.) Adorama brought an action on September 9, 2011, in the New York State Supreme Court seeking a declaration that the Agreement was unenforceable and that Adorama was not bound by its terms, or alternatively, that Adorama did not breach the Agreement. Intetics filed this action on September 13, 2011.

## II. ANALYSIS

### A. Personal Jurisdiction and Venue

Adorama first argues that this court must dismiss Intetics's Complaint because it has no personal jurisdiction over Adorama, as Adorama lacks the requisite "minimum contacts" with Illinois to be haled into an Illinois court, *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and never "purposefully availed" itself of the laws of Illinois, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). Adorama argues that it has no corporate presence in Illinois and does not transact business in Illinois, that the services received from Intetics were not performed in Illinois and had no connection to Illinois, that the maintenance of a website is insufficient to establish general personal jurisdiction, and that less than one per cent of Adorama's sales were to customers located in Illinois. (Klein Decl. Oct. 7, 2011 ¶¶ 4-5.)

Adorama's contact with Illinois during its relationship with Intetics may have been limited. But this court need not engage in an analysis of when personal jurisdiction

is permitted in Illinois, because "personal jurisdiction is waivable, and [] parties can, through forum selection clauses and the like, easily contract around" the minimum-contacts and purposeful-availment requirements. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005) (quoting *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)). A valid forum-selection clause can confer personal jurisdiction. *Id.* The Agreement states in mandatory language that "any action arising out of or in connection with this Agreement shall be brought solely in courts of the State of Illinois or the United States District Court for Cook [C]ounty," and that Adorama consents to jurisdiction in the courts of Illinois. The Seventh Circuit has stated that where venue is specified in such mandatory language, a forum-selection clause will be enforced. *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006).

Adorama does not argue that the forum-selection clause itself is invalid or unreasonable. Instead, it claims that the provision cannot confer personal jurisdiction because Adorama contests signing the Agreement. It notes, correctly, that Intetics bears the burden to show that this court may exercise personal jurisdiction over Adorama. (Def.'s Mem. 4); *see also Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

The plaintiff's burden at this stage of litigation, however, is only to make "a prima facie case for personal jurisdiction;" this court accepts "the plaintiff's asserted facts as true and resolve[s] any factual disputes in its favor." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010). The Seventh Circuit, moreover, has remarked that "an absurdity would arise" if a case had to be transferred in accordance with a forum-selection clause only after the contract itself was determined valid. *Muzumdar*, 438 F.3d at 762; *see also Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007)

5

(forum-selection clause applied even though plaintiff claimed fraudulent inducement). In other words, where a contract's validity is disputed, this court need not determine whether the contract is valid before deciding whether it can consider the case at all.

Although it cannot produce Klein's signature, Intetics alleges that the parties entered into the Agreement on or about June 10, 2006. The copy of the Agreement attached to the Complaint appears to have been faxed from Adorama to Intetics in July 2006. Adorama acknowledges that drafts of an agreement were circulated in July 2006. (Klein Decl. Nov. 23, 2011 ¶¶ 7-8, ECF No. 25.) The parties also agree that Intetics subsequently provided Adorama with software-development services for at least four years, and the existence of a contract can sometimes be proven by performance. *See, e.g.*, *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248 (7th Cir. 1996) (forum-selection clause in unsigned purchase order enforced where party conducted itself according to the order).[4] Resolving factual disputes in Intetics's favor for the purpose of this motion, this court concludes that the Agreement existed and that Intetics has met its burden to make a prima facie case for personal jurisdiction. Adorama's motion to dismiss for lack of personal jurisdiction is therefore denied.

Adorama also argues that venue in Illinois is improper because the alleged facts giving rise to Intetics's claim did not occur in Illinois. As with respect to jurisdiction, it argues that Intetics may not rely on the Agreement's forum-selection clause because Adorama did not execute the Agreement. For the reasons just discussed with respect to

---

[4] The court also notes that the Bestware Contract attached to the Complaint, which Adorama admits signing (Klein Decl. Oct. 7, 2011 ¶ 16), is apparently lifted word-for-word from the alleged Agreement between Adorama and Intetics, including the "Governing Law and Construction" provision. Although Adorama is a New York corporation and Bestware a Cyprus corporation, the Bestware Contract specifies in language identical to that of the Agreement that Illinois law governs and that the parties consent to jurisdiction and venue in Illinois. (Bestware Contract ¶ 7.10.)

jurisdiction, this court concludes that, for the purposes of this motion, the Agreement is treated as valid. The forum-selection clause specifies in mandatory language that actions arising from the Agreement must be brought in the courts of Illinois. Under Illinois law, which is specified in the Agreement, "the court will override the parties' contractual choice of forum only if that choice would as a practical matter deprive [a party] of its day in court." *Rock Energy Co-op v. Vill. of Rockton*, 614 F.3d 745, 750 (7th Cir. 2010). Adorama makes no argument that the clause would deprive it of its day in court, and this court therefore denies Adorama's motion to dismiss for improper venue.

**B. Rule 12(b)(6)**

Adorama next argues that the Complaint must be dismissed because Intetics has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of the complaint for the purpose of a 12(b)(6) motion, this court takes as true all well-pleaded factual allegations and makes all possible inferences from those allegations in the plaintiff's favor. *Wilson v. Price*, 624 F.3d 389, 391 (7th Cir. 2010). "Although the bar to survive a motion to dismiss is not high, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Adorama contends that Intetics has failed to allege that Adorama entered into a written agreement with Intetics, because the copy of the Agreement attached to the Complaint contains no signature, and Intetics failed to state that the Agreement was actually executed. This court finds that Intetics has sufficiently pleaded the existence of the Agreement. The Complaint alleges that the parties entered into the Agreement on or

7

about July 10, 2006, and that it remained in effect four years later. The absence of the Agreement's signature page does not contradict those allegations.

Adorama further argues that Intetics has failed to allege that Adorama breached the Agreement by entering into "employment or other similar relations with . . . employees" of Intetics. Adorama contends that "[the non-solicitation] provision would not prohibit Adorama from entering into an agreement with a third-party company that employed former Intetics employees." (Def.'s Mem. 11.)

The Complaint alleges that "Adorama has caused eight (8) individuals that have previously provided services under the Intetics Agreement to provide virtually identical services to Adorama under [the Bestware Contract]." The Bestware Contract attached to the Complaint suggests that these individuals made up over half of the initial software-development team provided to Adorama by Bestware. Drawing inferences from these allegations in Intetics's favor, it is plausible that Adorama entered into "employment or other similar relations" with Intetics's offshore personnel, entitling Intetics to relief. Adorama's motion to dismiss the action for failure to state a claim is denied.

## C.     Motion to Dismiss or Stay Based on the New York Action

Adorama contends that, under the abstention principles set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), this action should be dismissed or stayed because Adorama filed a declaratory-judgment action in New York state court involving the same issues and facts. The New York action seeks a declaration that the Agreement is not enforceable or, alternatively, that Adorama did not breach the Agreement by entering into the Bestware Contract.

Under *Colorado River*, "wise judicial administration" may sometimes make abstention proper when state and federal proceedings are parallel, 424 U.S. at 818, and the mirror-image actions brought by Adorama and Intetics indisputably parallel each other. Factors to be considered are:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 647-48 (7th Cir. 2011) (quoting *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 500-01 (7th Cir. 2011)). Abstention is appropriate, however, only in "exceptional circumstances," *Colorado River*, 424 U.S. at 813, and the Seventh Circuit has "recognized a general presumption against abstention," *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). Indeed, that court has stated that "if there is any substantial doubt that the concurrent state proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, a stay would be a serious abuse of discretion." *Huon*, 657 F.3d at 646 (internal citations and quotation marks omitted).

No exceptional circumstances warrant abstention here. No real property is at issue. Adorama admits that little progress has been made in either action, and the suits were filed only four days apart. (Def.'s Mem. 14.) This court finds it unlikely that litigating in Illinois will be unduly burdensome for Adorama, given that Adorama's contract with Bestware includes a forum-selection clause specifying Illinois. (Bestware

Contract ¶ 7.10.) The possibility of duplicative state proceedings does not in itself justify dismissing this action. *Colorado River*, 424 U.S. at 817.

More importantly, certain factors weigh strongly against a dismissal or stay. Under the Agreement, the action is governed by the law of Illinois, not New York, and the forum-selection clause requires actions to be brought in the courts of Illinois. For this reason, the New York litigation may be inadequate to protect Intetics's rights. Although Adorama was the first to file suit, it filed its declaratory-judgment action in anticipation of an impending suit. Courts disfavor this type of "race to the courthouse." *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987). This court therefore denies Adorama's motion to dismiss or stay this action.

## IV. Conclusion

For the reasons stated above, Adorama's motion to dismiss or to stay is DENIED.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 4, 2012